

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00276-CV

IN RE: THE COMMITMENT OF
CHARLES RAY DEVER

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NO. CDC4-S-13029-15

----------

## OPINION

----------

The State of Texas filed a petition to civilly commit Appellant Charles Ray Dever as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001–.151 (West 2010 & Supp. 2016) (the SVP Act). At the time, Dever was incarcerated, serving concurrent thirteen-year sentences for aggravated sexual assault of a child under age fourteen and for aggravated sexual assault of a child under age seventeen. Dever denied the State's allegations, and the case eventually proceeded to trial. A jury found that Dever is a sexually violent

predator, and the trial court signed a final judgment civilly committing Dever under the SVP Act.

In a single issue, Dever argues that the evidence is legally and factually insufficient to support the jury's finding because, in opining that Dever suffers from a "behavioral abnormality" as defined by the SVP Act, David Self, M.D., the State's expert witness, relied in part on a diagnosis that is not recognized by the Diagnostic and Statistical Manual of Mental Disorders (DSM-V)—"other specified paraphilia, nonconsent." Dever's argument is foreclosed by both the language of the SVP Act and the relevant caselaw authorities construing it.[1]

The SVP Act requires the State to prove beyond a reasonable doubt that a person is a sexually violent predator. *See id.* § 841.062. We therefore review the legal sufficiency of the evidence using the appellate standard of review for criminal cases. *See In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)). We assess the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have

---

[1]The State initially contends that Dever failed to preserve his argument for appeal, but in his motion for new trial, Dever argued that there is no evidence or insufficient evidence to support the jury's finding and that no authority supports Dr. Self's opinion about Dever's sexual deviance, which encompassed the testimony about the challenged diagnosis. Dever therefore preserved his issue for appellate review. *See* Tex. R. Civ. P. 324(b)(2); *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 220–21 (Tex. 1992).

2

found, beyond a reasonable doubt, the elements required for commitment under the SVP Act. *Id.*

Factual sufficiency review has been abandoned in criminal cases in which the burden of proof is reasonable doubt, *see Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), but the Beaumont Court of Appeals, which until recently handled the bulk of SVP Act appeals, has continued to perform a factual sufficiency review. *See In re Commitment of Day*, 342 S.W.3d 193, 206–13 (Tex. App.—Beaumont 2011, pet. denied) (explaining that as an intermediate appellate court, it has a constitutional duty to review factual sufficiency when the issue is raised on appeal; that the Texas Supreme Court, not the Court of Criminal Appeals, construes the Texas constitution as it is applied in civil cases; and that it would continue to apply the factual sufficiency review until the Texas Supreme Court overrules or distinguishes its binding precedent); *see also In re Commitment of Stuteville*, 463 S.W.3d 543, 552 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (applying factual sufficiency review); *In re Commitment of Wirtz*, 451 S.W.3d 462, 465 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (same). We therefore will too. Under this factual sufficiency review, we weigh the evidence to determine "whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that would compel ordering a new trial." *Day*, 342 S.W.3d at 213 (reasoning that "commitment proceedings are decided on evidence that concerns the application of 'soft' science that calls for the exercise of a considerable amount of intuitive judgment

3

on the part of experts with specialized training" and that the "consequences of an incorrect judgment are great enough that the legal system should retain a factual sufficiency standard of review to minimize the risk of an injustice").

Under the SVP Act, a person is a sexually violent predator if the person (1) is a repeat sexually violent offender and (2) suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Tex. Health & Safety Code Ann. § 841.003(a). A behavioral abnormality is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2). The trial court directed a verdict that Dever is a repeat sexually violent offender, and he does not challenge that ruling on appeal. Thus, in answering jury question number one—"Do you find beyond a reasonable doubt that [Dever] is a sexually violent predator?"—the jury only had to determine whether Dever suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

Dever's argument that the evidence is legally and factually insufficient because Dr. Self relied in part upon a diagnosis that the DSM-V does not recognize necessarily implicates the requirements of the SVP Act. As with any question of statutory construction, we seek to ascertain and give effect to the legislature's intent as expressed by the language of the statute. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). The SVP Act is silent as to both

4

mental diagnoses and the DSM-V; it merely establishes *what* the State must prove, not *how* the State must go about proving it. Indeed, as now-Chief Justice Hecht has observed, "A medical diagnosis of a person's mental health may certainly inform an assessment of whether he has an SVP's behavioral abnormality, but the principal issue in a commitment proceeding is not a person's mental health but whether he is predisposed to sexually violent conduct." *In re Commitment of Bohannon*, 388 S.W.3d 296, 306 (Tex. 2012); *see In re Commitment of Lewis*, 495 S.W.3d 341, 347 (Tex. App.—Beaumont 2016, pet. denied) (reasoning that "a mental disorder is not a prerequisite to commitment under the SVP statute").

Accordingly, because the SVP Act plainly does not require the State to establish a mental diagnosis to prove that a person suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence, we fail to see how Dr. Self's reliance on a diagnosis that the DSM-V does not recognize could have, in and of itself, rendered the evidence legally and factually insufficient to support the jury's finding. At most, Dr. Self's unobjected-to testimony was merely one piece of evidence that the jury had to consider—and, as the factfinder, even could have rejected—in determining whether Dever suffers from a behavioral abnormality.[2]

---

[2]We also note that Dr. Self did not diagnose Dever with *only* "other specified paraphilia, nonconsent." He also diagnosed Dever with exhibitionistic disorder, antisocial personality disorder, and narcissistic personality disorder. Dever does not complain about those diagnoses.

5

Dever argues that if a medical diagnosis is not required to civilly commit a person under the SVP Act, but the State nevertheless relies on a diagnosis to prove behavioral abnormality, then we should create an exception requiring that the diagnosis be recognized by the DSM-V. We have no authority to rewrite the SVP Act to require such a showing. *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009) ("Enforcing the law as written is a court's safest refuge in matters of statutory construction, and we should always refrain from rewriting text that lawmakers chose . . . .").

Dever also expresses concern that Dr. Self's testimony undermines the careful distinction drawn by the United States Supreme Court between the typical recidivist in an ordinary criminal case and the dangerous sexual offender whose mental illness, abnormality, or disorder subjects him to civil commitment, reasoning that, constitutionally, civil commitment requires proof that the person have serious difficulty controlling his behavior. *See Kansas v. Crane*, 534 U.S. 407, 412–13, 122 S. Ct. 867, 870 (2002). The SVP Act's definition of "behavioral abnormality" adequately subsumes the inquiry. *See In re Commitment of Browning*, 113 S.W.3d 851, 863 (Tex. App.—Austin 2003, pet. denied) ("A finding that a person suffers from an emotional or volitional defect so grave as to predispose him to threaten the health and safety of others with acts of sexual violence entails a determination that he has 'serious difficulty in controlling behavior.'").

6

Dever does not otherwise challenge the legal or factual sufficiency of the evidence, but suffice it to say that Dr. Self testified extensively about the foundations of his opinion that Dever suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence, identifying and discussing in detail the various "risk factors" that he relied upon to form and to support his opinion, including Dever's sexual criminal history, his lifestyle instability and criminality, his response to treatment or supervision, his age at onset of offending, and the presence of sexual deviance. Dever disputed the facts underlying his convictions, but his testimony was not of such a character as to otherwise render the evidence factually insufficient, nor was Dr. Self's reliance in part upon the diagnosis of "other specified paraphilia, nonconsent."

The evidence is legally and factually sufficient to support the jury's sexually-violent-predator finding. *See Day*, 342 S.W.3d at 213; *Mullens*, 92 S.W.3d at 885. We overrule Dever's sole issue and affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DELIVERED: March 23, 2017

7