

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00308-CV

_____

IN RE: THE COMMITMENT OF TERRY HORNBUCKLE

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. D372-S-14054-18

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Terry Hornbuckle challenges his civil commitment as a sexually violent predator (SVP). *See* Tex. Health & Safety Code Ann. ch. 841. Hornbuckle raises three issues—the first challenging the sufficiency of the evidence to prove one of the two statutory SVP elements, the second challenging the sufficiency of the evidence to prove a nonstatutory element, and the third challenging the constitutionality of the SVP statute itself.[1] Because the evidence is sufficient to support the challenged statutory element, and because Hornbuckle's latter two issues fail under binding precedent, we will affirm.

## I. BACKGROUND

At Hornbuckle's jury trial, the State presented evidence that Hornbuckle, a former pastor, had three prior convictions for sexually assaulting three separate victims.[2] The three crimes involved strikingly similar facts; Hornbuckle drugged and raped the women, then he denied wrongdoing and claimed the sex was consensual.[3]

---

[1]We have reordered Hornbuckle's issues for organizational purposes.

[2]Hornbuckle was sentenced to 10 years for his first sexual assault, 14 years for his second, and 15 years for his third. Hornbuckle served the sentences concurrently and was nearing the end of his 15-year sentence at the time of trial.

[3]Some or all of Hornbuckle's adjudicated victims came to him for spiritual guidance, although the precise number under Hornbuckle's pastoral care was disputed.

The State also presented evidence that Hornbuckle committed four unadjudicated—but again remarkably similar—sexual assaults against four additional victims.[4]

In defense, Hornbuckle questioned the complainants' credibility, and he attributed his criminal behavior to a period of drug addiction. Hornbuckle presented favorable testimony regarding his background and good deeds, as well as his participation in various treatment programs in prison.

Three experts testified regarding whether Hornbuckle has "a behavioral abnormality that makes [him] likely to engage in a predatory act of sexual violence." Tex. Health & Safety Code Ann. § 841.003(a)(2). Dr. Timothy Proctor and Dr. Michael Arambula[5] testified for the State and opined that Hornbuckle has such a behavioral abnormality. Both doctors explained their methodology, as well as the actuarial measures, risk factors, diagnoses, and reasoning behind their opinions.

Hornbuckle then presented competing expert testimony from Dr. Marisa Mauro, who opined that Hornbuckle does not have "a behavioral abnormality that makes [him] likely to engage in a predatory act of sexual violence." *Id.* Like Drs.

---

[4]Hornbuckle was indicted for two of these unadjudicated sexual assaults, but the indictments were dismissed. And, again, many of Hornbuckle's unadjudicated victims were under his pastoral care.

[5]Dr. Proctor is a psychologist; Dr. Arambula is a medical doctor and a psychiatrist.

Proctor and Arambula, Dr. Mauro explained the methodology and reasoning supporting her decision.

The jury believed the State's experts and found that Hornbuckle was a SVP. The trial court entered an order of civil commitment, which Hornbuckle now appeals.

## II. STANDARD OF REVIEW & APPLICABLE LAW

To have an offender civilly committed as a SVP, the State must show beyond a reasonable doubt that the individual (1) is "a repeat sexually violent offender,"[6] who (2) "suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence."[7]  Tex. Health & Safety Code Ann. § 841.003(a); *see id.* §§ 841.062, 841.081(a).  A jury finding that an offender is a SVP must be supported by legally and factually sufficient evidence.  *See In re Commitment of Stoddard*, 619 S.W.3d 665, 675–76 (Tex. 2020).  Although our legal and factual sufficiency analyses differ slightly in scope,[8] both ask the same basic question: whether a rational factfinder could have found the statutory elements beyond a reasonable doubt.  *Id.*

---

[6]A "repeat sexually violent offender" is a person who has been "convicted of more than one sexually violent offense" and has had a sentence imposed for at least one of the offenses, or who meets one of several alternative criteria.  Tex. Health & Safety Code Ann. § 841.003(b).  Hornbuckle does not challenge this element.

[7]A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person."  *Id.* § 841.002(2).

[8]In our legal sufficiency analysis, we view the evidence in a light most favorable to the verdict, considering the undisputed facts, along with the disputed facts that a

4

## III. DISCUSSION

Hornbuckle raises three issues: (1) the legal and factual sufficiency of the evidence to prove that he has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence; (2) the legal and factual sufficiency of the evidence to prove that he has serious difficulty controlling his behavior; and (3) the constitutionality of the SVP statute given the legislature's and trial court's failures to define *likely* for the jury.

### A. Sufficiency to Prove Behavioral Abnormality

First, Hornbuckle claims that the evidence is legally and factually insufficient to support the jury's finding on the second prong of the statutory elements required for Hornbuckle's civil commitment, i.e., that he "suffers from a behavioral abnormality that makes [him] likely to engage in a predatory act of sexual violence." Tex. Health & Safety Code Ann. § 841.003(a). But, as the State points out, the jury heard conflicting testimony on this topic from battling experts. Hornbuckle does not claim that the State's experts were unqualified or that their testimony was conclusory; he merely criticizes the weight the State's experts ascribed to particular risk factors and actuarial tests in forming their opinions. *Cf. City of San Antonio v. Pollock*, 284 S.W.3d 809, 818 (Tex. 2009) (recognizing that an expert's unobjected-to testimony is

---

reasonable factfinder could have credited in favor of the verdict. *See Stoddard*, 619 S.W.3d at 675–76. Our factual sufficiency analysis is broader; we view the entirety of the record, including the disputed facts that a reasonable factfinder could *not* have credited in favor of the verdict. *Id.*

probative evidence unless it is conclusory). But the State's experts explained the bases for their opinions, and the jury chose to believe their testimony. *See Stoddard*, 619 S.W.3d at 668 ("[T]he court must presume that the factfinder resolved disputed evidence in favor of the [SVP] finding if a reasonable factfinder could do so."). "It was within the province of the jury to decide which of the clashing [expert opinions] to believe"; neither legal nor factual sufficiency review allows us to "usurp the jury's role of determining the credibility of witnesses and the weight to be given their testimony." *Stoddard*, 619 S.W.3d at 668, 675–76; *In re Commitment of Eddings*, No. 02-19-00290-CV, 2020 WL 3730738, at *11, *14 (Tex. App.—Fort Worth July 2, 2020, pet. denied) (mem. op.). The evidence was thus legally and factually sufficient to support the jury's SVP finding. We overrule this issue.

## B. Sufficiency to Prove Serious Difficulty Controlling Behavior

Next, Hornbuckle argues that the evidence is legally and factually insufficient to show that he has "serious difficulty controlling [his] behavior." This is not a statutory element; it is a quote from the United States Supreme Court's discussion of Kansas's SVP statute in *Kansas v. Crane*.[9] 534 U.S. 407, 413, 122 S. Ct. 867, 870 (2002). But

---

[9]In *Kansas v. Crane*, the Supreme Court rejected the idea that "the Constitution permits [civil] commitment of [SVPs] . . . without *any* lack-of-control determination"; rather, SVP statutes must distinguish SVPs from other criminals:

> *Hendricks* [(referring to *Kansas v. Hendricks*, 521 U.S. 346, 360, 117 S. Ct. 2072, 2081 (1997))] underscored the constitutional importance of distinguishing a dangerous sexual offender subject to civil commitment "from other dangerous persons who are perhaps more properly dealt

Hornbuckle contends that, under *Crane*, the State was constitutionally required to prove—in addition to the statutory elements—that Hornbuckle has "serious difficulty controlling [his] behavior."

The Texas Supreme Court disagrees, making it clear that the State is only required to prove the two elements listed in the SVP statute and that these elements are sufficient to satisfy the relevant constitutional constraints. *See Stoddard*, 619 S.W.3d at 678; *cf. also In re Commitment of Woods*, No. 02-19-00155-CV, 2020 WL 3969958, at *8 n.5 (Tex. App.—Fort Worth June 11, 2020, pet. denied) (mem. op.) (noting that the term "worst of the worst" does not appear in the SVP statute and is not an element the State is required to prove). Thus, we need not perform a separate sufficiency analysis of Hornbuckle's ability to control his behavior; "[t]he SVP Act's definition of 'behavioral abnormality' adequately subsumes the inquiry." *In re Commitment of Dever*, 521 S.W.3d 84, 87–88 (Tex. App.—Fort Worth 2017, no pet.); *see In re Commitment of Anderson*, 392 S.W.3d 878, 886 (Tex. App.—Beaumont 2013, pet.

---

with exclusively through criminal proceedings." . . . . The presence of . . . ["]a serious mental disorder" helped to make that distinction in *Hendricks*. And a critical distinguishing feature of that "serious . . . disorder" there consisted of a special and serious lack of ability to control behavior.

. . . [W]e recognize that in cases where lack of control is at issue, "inability to control behavior" will not be demonstrable with mathematical precision. It is enough to say that there must be proof of serious difficulty in controlling behavior.

534 U.S. at 412–13, 122 S. Ct. at 870 (internal citations omitted).

denied); *In re Commitment of Browning*, 113 S.W.3d 851, 863 (Tex. App.—Austin 2003, pet. denied).  We overrule this issue.

## C. Constitutionality of the Undefined Word *Likely*

Finally, Hornbuckle argues that the SVP statute is unconstitutional because it does not define *likely* to guide the jury in determining when a person is "likely" to engage in a predatory act of sexual violence.  Without this definition, Hornbuckle argues, the statute violates due process requirements because it does not ensure that civil commitment is confined to those individuals who have "serious difficulty in controlling [their] behavior."  *See Crane*, 534 U.S. at 413, 122 S. Ct. at 870.

Again, the Texas Supreme Court disagrees.  The court has rejected similar constitutional concerns and held that the SVP statute is constitutional as written; it "inherently limits the scope of civil commitment to a limited subset of offenders." *Stoddard*, 619 S.W.3d at 678 (rejecting similar constitutional concerns as "unfounded").

For the same reason, Hornbuckle's related argument—that the trial court should have remedied the unconstitutionally ambiguous nature of *likely* by adding a definition of the word to the jury charge—also fails.[10]  Because the Texas Supreme

---

[10]Hornbuckle contends that a jury instruction defining *likely* was all the more necessary because Dr. Proctor testified to an allegedly inaccurate meaning of the term: Dr. Proctor stated that "[his] understanding" of *likely* was "probably," and he defined "probably" as "[s]omething that's beyond a mere possibility or potential for harm." To the extent that Hornbuckle intends to present this argument as a separate, nonconstitutional challenge to the admission of Dr. Proctor's testimony, Hornbuckle waived the issue by failing to object.

Court has held that the SVP statute is constitutional as written, because the SVP statute does not define *likely*, and because *likely* is a common word readily understandable by the average juror, the trial court need not have defined the word in the jury charge. *See Seger v. Yorkshire Ins. Co.*, 503 S.W.3d 388, 408 (Tex. 2016) ("Including definitions of words of ordinary meaning that are 'readily understandable by the average person' in the jury charge is unnecessary." (quoting *Standley v. Sansom*, 367 S.W.3d 343, 350 (Tex. App.—San Antonio 2012, pet. denied))).[11] We overrule this issue.

## IV. CONCLUSION

Having overruled Hornbuckle's three issues, we affirm the trial court's order of civil commitment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: October 14, 2021

---

[11]*Cf. also Kirsch v. State*, 357 S.W.3d 645, 650 (Tex. Crim. App. 2012) ("We have explained that jurors may 'freely read [undefined] statutory language to have any meaning which is acceptable in common parlance.'" (quoting *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995))); *see State v. Bolles*, 541 S.W.3d 128, 138 (Tex. Crim. App. 2017) (quoting *Kirsch*).